**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AVTAR HEERA, AKA Avtar Singh Heera, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-70545 <br> A 077-819-102 <br> MEMORANDUM[*] |

On Petition for Review from the
Board of Immigration Appeals

Submitted June 8, 2021[**]
Portland, Oregon

Before: WARDLAW and HURWITZ, Circuit Judges, and BOLTON,[***] District Judge.

Avtar Heera petitions for review of a decision of the Board of Immigration

Appeals ("BIA") dismissing an appeal from an order of an immigration judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny the petition.

1.     Substantial evidence supports the IJ's determination that Heera lacked credibility. *See Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). The IJ identified "specific, cogent reasons" for the adverse credibility finding that go to the heart of Heera's claims for relief, including inconsistencies concerning Heera's membership in a political party and his persecution at the hands of Indian police. *See Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). Heera points to no evidence that would compel us to conclude he was credible. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

2.     The adverse credibility determination provides sufficient support for denying Heera's claims for asylum and withholding of removal. *See Jie Cui*, 712 F.3d at 1338 & n.3; *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). And although an "adverse credibility determination is not necessarily a death knell to CAT protection," when Heera's CAT claim is stripped of his incredible testimony, "all that remains is the background material he provided concerning conditions" in India, which do not compel us to conclude he was eligible for CAT relief. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**